

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 25, 1993

Honorable Nathan B. Rheinlander
Comal County Attorney
150 North Seguin, Suite 318
New Braunfels, Texas 78130-5113

Opinion No. DM-268

Re: Whether House Bill 2087 violates article III, section 52 of the Texas Constitution (RQ-592)

Dear Mr. Rheinlander:

You ask whether House Bill 2087 violates article III, section 52 of the Texas Constitution. House Bill 2087, which was recently enacted by the legislature, *see* Acts 1993, 73d Leg., ch. 237 (eff. Aug. 30, 1993), amends section 263.152 of the Local Government Code. Chapter 263, subchapter D of the Local Government Code governs the disposition of salvage or surplus property by a commissioners court of a county. As it did prior to amendment, section 263.152 authorizes a commissioners court to sell such property by competitive bid or auction, Local Gov't Code § 263.152(a)(1), or to offer the property as a trade-in for new property, *id.* § 263.152(a)(2). Section 263.152(a)(3) specifically authorizes a court to

> order any of the property to be destroyed or otherwise disposed of as worthless if the commissioners court undertakes to sell that property under Subdivision (1) and is unable to do so because no bids are made.

*Id.* § 263.152(a)(3). Section 263.155 of the Local Government Code requires a commissioners court to keep records of property disposed of pursuant to this provision for one year.

House Bill 2087 amended section 263.152 by adding subsection (c) which provides as follows:

> The commissioners court may dispose of property under Subsection (a)(3) by donating the property to a civic or charitable organization located in the county.

You are concerned that this provision runs afoul of article III, section 52 of the Texas Constitution which provides in pertinent part:

> [T]he Legislature shall have no power to authorize any county . . . of the State to lend its credit or to grant public money or

> thing of value in aid of, or to any individual, association or
> corporation whatsoever.

Tex. Const. art. III, § 52(a). As explained below, we believe that House Bill 2087 on its face does not run afoul of this provision.

First, article III, section 52 prohibits the legislature from authorizing a county to "grant . . . a thing of value." House Bill 2087 authorizes county commissioners to donate "salvage" or "surplus" property only. Under the relevant subchapter of the Local Government Code, "salvage property" means:

> personal property, other than items routinely discarded as waste, that
> because of use, time, accident, or any other cause is so worn,
> damaged, or obsolete that it has no value for the purpose for which it
> was originally intended.

Local Gov't Code § 263.151(1). "Surplus property" means property that is not currently needed by its owner, is not required for the owner's foreseeable needs, and possesses some usefulness for the purpose for which it was intended. *Id.* § 263.151(2). Obviously, "salvage" or "surplus" property is generally property which is of little or no use to the county. Furthermore, House Bill 2087 authorizes a county commissioners court to donate such property only if it has tried and been unable to sell the property because no bids have been made. For this reason, the property is also of no value to the county for resale purposes. Assuming that an item of property is of no use or resale value to the county, we do not believe that article III, section 52 prohibits a county from donating it to a civic or charitable organization. Of course, the determination whether a particular item of property is truly of no use or resale value to the county would involve the resolution of factual issues and therefore is not amenable to the opinion process.

Even if an item of salvage or surplus property is of some nominal use or value to the county, we do not believe that disposing of it by donating it in accordance with House Bill 2087 will run afoul of article III, section 52, if certain conditions are met. In Attorney General Opinion MW-373 (1981), this office considered whether the University of Texas could provide office space, utilities, and telephone service to the University of Texas Law School Foundation, a nonprofit corporation. This office concluded that the university had the statutory authority to provide the foundation with these items as "terms and conditions" attached to the foundation's donations under section 65.31(e) of the Education Code, and then considered whether this arrangement would violate article III, section 51, the legislative counterpart of section 52(a). Attorney General Opinion MW-373 at 8-11. The opinion stated that the constitutional prohibition

> requires that a grant by the university to the foundation must serve a
> public purpose, appropriate to the function of a university, and that
> adequate consideration must flow to the public. . . . In addition, the

> university must maintain some controls over the foundation's activities, to ensure that the public purpose is actually achieved. . . . If these conditions are met, the grant by the public entity is not unconstitutional.

*Id.* at 9.

We believe that it is possible that the donation of salvage or surplus property pursuant to House Bill 2087 could serve a public purpose and be accompanied by adequate consideration. For example, the donation of a large piece of surplus county equipment to an organization which agreed to haul it could serve the public purpose of disposing of the property. In addition, by relieving the county of the expenses it would incur in disposing of the item, such as transportation costs and disposal fees, the agreement to haul it could constitute adequate consideration. Again, whether the donation of a particular item of salvage or surplus property pursuant to House Bill 2087 meets these constitutional requirements is a question of fact.

Given the potential constitutional pitfalls, county commissioners should take special care to ensure that the donation of property pursuant to the new law does not run afoul of article III, section 52 of the Texas Constitution. First, the county commissioners should ensure that the property meets the definition of "salvage" or "surplus" property set forth in section 263.151 of the Local Government Code. Second, the county commissioners should make a good faith effort to sell the property by competitive bid or auction pursuant to subsection (a)(1) of section 263.152. Finally, if the property has even some very nominal value to the county, the county commissioners should ensure that the donation serves a public purpose and is accompanied by adequate consideration.

## S U M M A R Y

House Bill 2087, which amends Local Government Code section 263.152 to authorize a county commissioners court to donate to civic or charitable organizations salvage and surplus property that it has been unable to sell by competitive bid or auction, does not on its face violate article III, section 52 of the Texas Constitution. The donation of a particular item may run afoul of this constitutional prohibition if the property is of value to the county and it is not donated for a public purpose for adequate consideration.

Very truly yours,

DAN MORALES
Attorney General of Texas

p. 1405

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General